**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JOANNE EDWARDS, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> STATE BOARD OF WORKERS' : <br> COMPENSATION—DOAS, : <br> WENDY SIMPSON, TAMMY RINGO, : <br> ATTORNEY JUDY VARNELL, : <br> ASSISTANT ATTORNEY ROBIN : <br> GOLIVESKY, DR. ANDREW : <br> CORDISTA, and DR. CRAIG : <br> FREDERICKS, : <br> : <br> Defendants. : <br> : | CASE NO.: 1:13-CV-142 (WLS) |

**ORDER**

Presently pending before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2). For the following reasons, Plaintiff's Motion to Proceed *In Forma Pauperis* (Docs. 2) is **GRANTED**. However, Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

**DISCUSSION**

This Court must follow a well-established two-step procedure in processing a case filed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 1810231, at *1 (M.D. Ga. June 21, 2007). "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious." *Id.*

1

I.   **Plaintiff's Financial Status**

According to her IFP Application, Plaintiff receives unemployment payments in the amount of $649/month. (Doc. 2 at 2.) Her husband is employed and receives income somewhere between $2,480-$3,800/month.[1] (*Id.* at 2.) Monthly expenses for Plaintiff's household total $2,550. (*Id.* at 4-5.) Plaintiff has the following assets: a home valued at $96,000, as well as two vehicles valued at $20,900 and $5,000, respectively. (*Id.* at 3.) Though, ordinarily, the Court would consider Plaintiff's assets as sufficient to allow her to obtain the necessary filing fees via a loan, for "filing jurisdiction" purposes only, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2.)

II.   **Validity of Plaintiff's Complaint**

In the instant Complaint, brought pursuant to the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 42 U.S.C. §§ 1983, 1985 and 1986, Plaintiff names the State Board of Workers' Compensation, Wendy Simpson, Tammy Ringo, Attorney Judy Varnell, Assistant Attorney Robin Golivesky, and Drs. Andrew Cordista and Craig Fredericks, as Defendants. (Doc. 1.) This Court has already dismissed two similar complaints from Plaintiff against all Defendants save newly added defendant, Assistant Attorney Robin Golivesky.

In Plaintiff's first complaint, the Court dismissed Workers' Compensation Adjuster Wendy Simpson and Nurse Case Manager Tammy Ringo because Plaintiff failed to allege any acts by these defendants forming part of a conspiracy to engage in a constitutional violation. *Edwards v. Zeese, et al.*, No. 1:13-cv-29 (WLS), slip op. at 7-8 (M.D. Ga. May 1, 2013) (hereinafter referred to as "*Edwards I*"). The Court also dismissed Plaintiff's complaint against Attorney Judy Varnell and Drs. Andrew Cordista

---

[1] Under employment history, Plaintiff lists her husband's income as $3,800, though she lists his income as $2,480 under "Income source."

2

and Craig Fredericks because Plaintiff failed to plead any facts sufficient to transform these private actors to state actors for the purpose of allowing her § 1983 suit to proceed against the private-actor Defendants. (*Id.* at 8-10.) Plaintiff's failure to plead a violation of a conspiracy to deprive her of a constitutional right also proved fatal to her claims under § 1985 and its derivative § 1986, as against the private defendants. (*Id.* at 9-10.)

On July 8, 2013, Plaintiff filed another complaint, alleging civil rights violations arising out of the denial of her workers' compensation claim. *Edwards v. State Board of Workers' Compensation, et al.*, No. 1:13-cv-111 (WLS) (hereinafter referred to as "*Edwards II*"). The State Board of Workers' Compensation, Attorney Varnell, Mss. Simpson and Ringo, and Drs. Cordista and Fredericks were also named in this complaint but ultimately dismissed. The Court dismissed Plaintiff's § 1983 claims in *Edwards II* against public actors Simpson and Ringo and private actors Varnell, Cordista and Fredericks, concluding:

> During *Edwards I*, the Court found that Plaintiff failed to plead any allegations showing an agreement between any defendant to deprive her of any constitutional rights. According to the Court, Plaintiff's initial complaint was insufficient to state a claim because it merely alleged acts on the part of each of the Defendants constituting separate and discrete parts of the process of the denial of her WC claim. The Court finds that the instant complaint is no less deficient. Plaintiff is essentially trying to shoehorn her dissatisfaction with her workers' compensation claim into a federal conspiracy action. However, Plaintiff has alleged no facts to show an agreement between any private or state actor to violate her constitutional rights. Using conspiracy buzz words—e.g., "joint participation" and "conspiring to abridge constitutional protections"—to describe what appears to be a straightforward (although unfavorable as to Plaintiff) workers' compensation claim process, without any accompanying facts specifically showing an agreement to violate Plaintiff's rights, does not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by conclusory statements, do not suffice.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550, 570 (2007))).

(*See Edwards II*, slip op. at 8 (M.D. Ga. Aug. 1, 2013)). The Court further dismissed Plaintiff's § 1986 claim for failure to allege that the alleged conspiracy was motivated by

3

any racial or class-based animus, as is required. (*Id.* at 8-9.) Finally, the Court dismissed Plaintiff's complaint against the State Board of Workers' Compensation on the grounds that 1) the Board is not a "person" for the purpose of § 1983 and 2) Plaintiff's § 1985 claim fails because the Eleventh Amendment also applies to suits brought pursuant to § 1985, and even if it did not, Plaintiff's claim against the Board fails because Plaintiff did not allege some racial or class-based animus underlying the alleged conspirators' actions. (*Id.* at Doc. 11.)

The Complaint filed in the above-captioned matter changes none of the above conclusions and continues to show only a workers' compensation claimant's continued discontent with the outcome of her claim couched in terms of a civil-rights complaint. While, naturally, the Court understands Plaintiff may be frustrated with the denial of her workers' compensation claim, the federal courts are not the proper venue for Plaintiff's fight. Adequate remedies for review of the denial of such claims are, or were, available to Plaintiff. Therefore, the Court will only briefly address the one substantive change to Plaintiff's Complaint[2]—the inclusion of a claim under the RICO Act—before dismissing Plaintiff's Complaint once again under § 1915(e)(2) for failure to allege any activities constituting a conspiracy to violate a constitutional right (*see* Docs. 8 and 9 in *Edwards I and II*, respectively).

The Court finds that Plaintiff's purported RICO claim is also subject to dismissal under § 1915(e)(2) because Plaintiff has failed to allege any act by any defendant constituting a RICO violation. A RICO violation must arise from an unlawful act enumerated in 18 U.S.C. § 1961(1). *See* 18 U.S.C. § 1961 (defining "racketeering activity"

---

[2] As the Court noted above, Plaintiff's new Complaint also adds Assistant Attorney Robin Golivesky as a defendant. However, because the Court concludes that the newest iteration of Plaintiff's complaint still fails to allege any actions serving the basis of a conspiracy to violate Plaintiff's rights, the Court's conclusion that Plaintiff's §§ 1983, 1985, and 1986 claims should be dismissed applies to Defendant Golivesky as well.

as (A) any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act)). Because Plaintiff has failed to allege any act by any defendant falling within the ambit of any of these criminal activities, the Court finds that Plaintiff's RICO claim should be dismissed. *See, e.g., Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007) (affirming district court's dismissal of plaintiff's RICO claim as frivolous under section 1915(e)(2) because plaintiff "failed to allege any facts so much as *suggesting* that any defendant committed one of the criminal violations listed in § 1961(1)") (emphasis in original).

## CONCLUSION

Based on the reasons articulated above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, and Plaintiff's Complaint (Doc. 1) against all Defendants is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). Because the Court has dismissed Plaintiff's Complaint, Plaintiff's Motion to Proceed Forward With a Class Action Lawsuit (Doc. 3) is **DENIED AS MOOT**.

**SO ORDERED**, this   9TH   day of October, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**